IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| U.S. BANK, N.A., In its Capacity as Trustee for the Registered Holders of the Home Equity Asset Trust 2003-6, Home Equity Pass-Through Certificates, Series 2003-6, <br><br>    Plaintiff, <br><br>vs. <br><br>JAYSON ERNST and VICKI ERNST, <br><br>    Defendants, <br>vs. <br><br>OCWEN LOAN SERVICING, LLC, <br><br>    Third-Party Defendant. | NO. CIV-13-0215-HE |

## ORDER

Plaintiff brought this foreclosure action against Jayson and Vicki Ernst (the "Ernsts" or "defendants") in Oklahoma state court. Defendants filed an answer, counterclaim and cross-petition which asserted third-party claims against Ocwen Loan Servicing, LLC ("Ocwen" or "third-party defendant"). Ocwen removed the case to federal court, asserting that removal is proper under 28 U.S.C. § 1441(a), based on the existence of diversity jurisdiction under § 1332(a)(1) and the Class Action Fairness Act ("CAFA") under § 1332(d). Defendants filed a motion to remand, contending that the third-party claim does not satisfy the standards of CAFA and that removal by a third-party defendant is improper. The

motion is at issue.[1]  The court concludes that Ocwen, as a third-party defendant, may not properly remove the action in these circumstances and that remand is appropriate.

While the Tenth Circuit has not ruled on the precise issue at hand, it has held that "there is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  Further, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941)) (additional citation omitted). To the extent there is an ambiguity in the removal statutes, federal courts must adopt a "reasonable, narrow construction." *Id*. at 1095.

Ocwen contends that removal is proper under 28 U.S.C. § 1441(a).  That section states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).  However, "[t]he majority view is that third-party defendants are not 'defendants' for purposes of § 1441(a)." First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 461-62 (6th Cir. 2002) (collecting cases and authority); *see also* Fed.

---

[1]*The plaintiff and the third-party defendant also filed a motion to dismiss [Doc. #3]. However, in light of the court's disposition of this matter, the court does not reach the issues raised in that motion.*

Nat'l Mort. Ass'n v. Sechrist, No. 11-CV-02392-WJM-MJW, 2012 WL 3778288, at *3 (D. Colo. Aug. 30, 2012) (noting the "overwhelming weight of authority" and "uniform treatment" within the Tenth Circuit holding that third-party defendants may not remove actions under § 1441(a)); 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3730, at 432-33 (4th ed. 2009) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court . . . ."). In light of the presumption against removal jurisdiction and the weight of authority holding that third-party defendants may not remove an action under § 1441(a), the court concludes that the removal of this action was improper, depriving the court of jurisdiction over this case.

While the third-party defendant here based its removal on § 1441(a), because Ocwen emphasized cases construing the rule under § 1441(c) in its response, the court notes that a majority of courts have extended this principle to cases removed under § 1441(c). *See, e.g.*, First Nat'l Bank of Pulaski, 301 F.3d at 465; NCO Fin. Sys., Inc. v. Yari, 422 F. Supp. 2d 1237, 1240 (D. Colo. 2006) ("[T]his Court finds that the better view and the one consistent with related Tenth Court precedent is that third party removal is impermissible under 28 U.S.C. § 1441(c)); 14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice and Procedure § 3722.3, at 616 (4th ed. 2009) ("A majority of the considerable number of cases decided by the courts of appeals and the district courts also have concluded that a third-party defendant or a cross-claim defendant is not entitled to remove a case utilizing Section 1441(c)."). *But see* Carl Heck Eng'rs, Inc. v. Lafourche

Parish Police Jury, 622 F.2d 133, 136 (5th Cir. 1980) (permitting removal by a third-party defendant under § 1441(c)), *superseded on other grounds by* Judicial Improvements Act of 1990, Pub.L. 101-650.

The text of § 1441(c) was amended in 2011. However, as other courts have concluded,

> The revised language of § 1441(c) does not materially alter a third-party defendant's ability to remove under the statute. . . . [D]espite the long-running debate among the federal courts as to whether third-party defendants may properly remove under § 1441(c), the language of subsection 1441(a) remains unchanged. Had Congress intended to permit removal by third-party defendants, it could have amended § 1441(a) to clarify the definition of 'the defendant or the defendants,' or added additional language to § 1441(c) specifying that removal under that subsection is available to parties other than original defendants. It did not.

*E.g.*, Mut. Pharm. Co., Inc. v. Goldman, No. 12-0815, 2012 WL 2594250, at *2 (E.D. Pa. July 3, 2012). Regardless, the amended version of § 1441(c) makes clear that it would not provide a basis for removal in these circumstances. Section 1441(c) only allows the removal of a civil action that includes a nonremovable claim if the action includes "a claim arising under the Constitution, laws or treaties of the United States (within the meaning of section 1331 of this title)"–in other words, a federal question. 28 U.S.C. § 1441(c)(1)(A). However, Ocwen relies only on the purported existence of diversity jurisdiction (which is found in 28 U.S.C. § 1332) and CAFA jurisdiction (a type of diversity jurisdiction found in § 1332(d)). The notice of removal does not suggest the existence of a federal question; therefore, § 1441(c) provides no basis for removal in these circumstances, even if it could be accomplished by a third-party defendant.

4

Finally, removal by a third-party defendant is also improper under the removal provisions of the Class Action Fairness Act, 28 U.S.C. § 1453(b). *See, e.g.*, In re Mortg. Elec. Registration Sys., Inc., 680 F.3d 849, 854 (6th Cir. 2012) (collecting cases); Palisades Collections LLC v. Shorts, 552 F.3d 327, 333, 336 (4th Cir. 2008) (holding that counter-defendants and third-party defendants may not remove under § 1441(a) or CAFA); Westwood Apex v. Contreras, 644 F.3d 799, 807 (9th Cir. 2011) (holding that CAFA "did not change the longstanding rule that a party who is joined to such an action as a defendant to a counterclaim or as a third-party defendant may not remove the case to federal court").

Under the circumstances existing here, the court concludes that removal of this case by the third-party defendant was improper. Defendants' motion to remand [Doc. #6] is **GRANTED** and the case is **REMANDED** to the District Court of Canadian County, Oklahoma.

**IT IS SO ORDERED**.

Dated this 3rd day of July, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE